**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

YVON FRANCOIS,
               Appellant,

      v.

DEPARTMENT OF HOMELAND
    SECURITY,
               Agency.

DOCKET NUMBER
DC-0752-20-0766-I-1

DATE: July 23, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Yvon Francois</u>, Miami Beach, Florida, pro se.

<u>Blake Lynne Bruce</u> and <u>Matthew L. Peterson</u>, Washington, D.C., for the
    agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

**FINAL ORDER**

    The appellant has filed a petition for review of the initial decision, which
dismissed his appeal as untimely filed. Generally, we grant petitions such as this
one only in the following circumstances: the initial decision contains erroneous
findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add
significantly to the body of MSPB case law. Parties may cite nonprecedential orders,
but such orders have no precedential value; the Board and administrative judges are not
required to follow or distinguish them in any future decisions. In contrast, a
precedential decision issued as an Opinion and Order has been identified by the Board
as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to find that the appeal was untimely filed under 5 C.F.R. § 1201.154(b), we AFFIRM the initial decision.

## DISCUSSION OF ARGUMENTS ON REVIEW

When an appellant raises an issue of prohibited discrimination in connection with a matter otherwise appealable to the Board, he may either file a timely complaint of discrimination with the agency or file an appeal with the Board no later than 30 days after the effective date, if any, of the action being appealed, or 30 days after the date of the appellant's receipt of the agency's decision on the appealable action, whichever is later. 5 C.F.R. § 1201.154(a). If an appellant has filed a timely formal complaint of discrimination with the employing agency, and the agency resolves the matter or issues a final decision on the formal complaint, a Board appeal must be filed within 30 days after the appellant receives the agency resolution or final decision on the discrimination issue. 5 C.F.R. § 1201.154(b). In her initial decision, the administrative judge found that the appellant failed to timely file a discrimination complaint with the agency, and she measured the timeliness of his appeal under 5 C.F.R. § 1201.154(a), based on the time that had elapsed since his removal. We find,

however, that she should have instead applied the timeliness standard under 5 C.F.R. § 1201.154(b).

It is undisputed that the appellant initially elected to pursue a discrimination complaint with the agency. We note that an employing agency may dismiss a discrimination complaint that fails to comply with the applicable regulatory time limits. 29 C.F.R. § 1614.107(a)(2). An employee dissatisfied with such a dismissal may appeal it to the Equal Employment Opportunity Commission (EEOC). 29 C.F.R. §1614.401(a). The Board defers to a finding that a complaint was untimely filed when that decision was not appealed to the EEOC, and also defers to a final EEOC decision finding a complaint untimely filed. *Moore v. U.S. Postal Service*, 91 M.S.P.R. 277, ¶ 6 (2002). In this case, however, there is no indication that the agency dismissed the appellant's complaint of discrimination as untimely filed. Thus, there is no basis for finding that the time limit set forth at 5 C.F.R. § 1201.154(b) does not apply because of an untimely filed discrimination complaint. *See McCoy v. U.S. Postal Service*, 108 M.S.P.R. 160, ¶11 (2008).

Nonetheless, we find that the appellant's Board appeal was untimely filed under 5 C.F.R. § 1201.154(b). The agency issued its final decision resolving the appellant's discrimination claim on May 27, 2020. Initial Appeal File, Tab 5 at 20-30. As required under 29 C.F.R. 1614.302(d)(3), the agency advised the appellant of the right to appeal the matter to the Board within 30 days of his receipt of the decision. *Id.* at 29. The appellant has not alleged any unusual delay in his receipt of the final agency decision, yet he did not file his Board appeal until July 24, 2020, fifty-eight days after the final agency decision was issued. Accordingly, we conclude that his appeal was untimely filed by more than 3 weeks.

To establish good cause for the untimely filing of an appeal, a party must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *Alonzo v. Department of the Air Force*, 4 M.S.P.R.

180, 184 (1980). To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to his inability to timely file his petition. *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table). Here, the appellant failed to respond to the administrative judge's order to submit evidence and argument on the timeliness issue, and he has still offered no explanation as to why he did not timely file his Board appeal after receiving the final agency decision on his discrimination claim. Silence does not constitute a showing of good cause. *Lewis v. Department of Housing and Urban Development*, 96 M.S.P.R. 479, ¶ 6 (2004). Moreover, while we are mindful that the appellant is proceeding pro se, a filing delay of more than 3 weeks is not minimal, and thus the length of the delay does not provide a basis for waiving the filing deadline. *See Rodriguez v. Department of the Navy*, 71 M.S.P.R. 396, 398 (1996) (dismissing a petition for review untimely filed by 18 days, notwithstanding the appellant's pro se status). Accordingly, we affirm the administrative judge's ultimate conclusion that the appeal was untimely filed without a showing of good cause for the filing delay.

## NOTICE OF APPEAL RIGHTS[2]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the

EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]  The court of appeals must <u>receive</u> your petition for

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of

review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                        *Gina K. Grippando*
                                      _____
                                      Gina K. Grippando
                                      Clerk of the Board

Washington, D.C.